11-3679-cr
United States v. Malone

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Court of International Trade, One Federal Plaza, in the City of New York, on the 9th day of October, two thousand twelve.

PRESENT: REENA RAGGI,
　　　　　 PETER W. HALL,
　　　　　 SUSAN L. CARNEY,
　　　　　　　 *Circuit Judges*.

------------------------------------------------------------------------
UNITED STATES OF AMERICA,
　　　　　　　 *Appellee*,

　　　 v.　　　　　　　　　　　　　　　　　　　 No. 11-3679-cr

ARDEN MALONE, AKA Arty,
　　　　　　　 *Defendant-Appellant*,

MARKESE BRADLEY, AKA Merc, OMAR MIMS, AKA
O, PHILLIP MURPH, AKA Phillipe Johnson, AKA Shorts,
　　　　　　　 *Defendants*.

------------------------------------------------------------------------

FOR APPELLANT:　　　 Michael K. Bachrach, Esq., New York, New York.

FOR APPELLEE:　　　 Amy Busa, Charles N. Rose, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York (Leonard D. Wexler, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the consolidated judgments entered on August 15, 2011, and August 23, 2011, are AFFIRMED.

Arden Malone's May 2008 arrest for conspiracy to traffic in cocaine supported both his conviction, based on a guilty plea to that crime, and an adjudication that he had violated conditions of supervised release imposed in connection with a 1995 federal conviction for substantive cocaine trafficking, a crime that resulted in his incarceration through February 15, 2007. Sentenced to 140 months' imprisonment for the conspiracy crime, and to a consecutive 36-month prison sentence for the violation of supervised release, Malone appeals both sentences as unreasonable. We review Malone's sentence under a "deferential abuse-of-discretion standard," United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted), which "incorporates de novo review of questions of law," United States v. Bonilla, 618 F.3d 102, 108 (2d Cir. 2010) (internal quotation marks omitted). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Procedural Reasonableness

   a.    The Conspiracy Sentence

Malone contends that his 140-month sentence for conspiracy is procedurally

unreasonable because it is based on a "clearly erroneous finding of fact," United States v. Cavera, 550 F.3d at 189, specifically the district court's "finding that Malone was not rehabilitated," Appellant Br. 14. The record defeats the argument. It shows that the court granted Malone the one-level horizontal departure in criminal history category that he sought based on his efforts at rehabilitation. Sentencing Tr. 19. While the district court did not explicitly cite rehabilitation as the reason for granting the horizontal departure, it effectively did so by citing defense counsel's June 28, 2011 letter, which urged departure on this ground. In short, this case is not akin to Pepper v. United States, 131 S. Ct. 1229, 1239 (2011), in which a district court erroneously thought it was legally precluded from considering post-sentence rehabilitation.

The district court's decision not to accord Malone more consideration for rehabilitation manifests no clear factual error, much less abuse of discretion. See United States v. Cavera, 550 F.3d at 189. Malone had a disturbing history of recidivism spanning two decades. While on probation from a 1989 state conviction for selling drugs, he was rearrested in 1992 and federally convicted of conspiracy to distribute cocaine. Malone then became a fugitive and, when apprehended in 1994, he was convicted of further substantive cocaine trafficking and sentenced to 12 years in prison. He was out of custody for a little more than a year when he was arrested for the instant conspiracy. Given this history, the district court did not abuse its discretion in according Malone a one-level reduction in criminal history for his efforts at rehabilitation, but no more.

3

Nor is there any merit to Malone's argument that the district court's negative assessment of rehabilitation necessarily formed the entire basis for his sentence, as he contends. The district court plainly stated that it had "considered . . . very carefully" all factors specified in 18 U.S.C. § 3553(a) in imposing sentence. Sentencing Tr. 21. Accordingly, Malone's procedural challenge to his sentence fails.

b. The Supervised Release Sentence

Malone challenges his supervised release sentence on the ground that the district court failed to state its reasons for the 36-month consecutive sentence, as required by 18 U.S.C. § 3553(c). Because Malone did not raise this argument in the district court, we review only for plain error, see United States v. Villafuerte, 502 F.3d 204, 208 (2d Cir. 2007), and identify none.

Where a "sentence concerns a violation of supervised release and the ultimate sentence is within the recommended range, compliance with the statutory requirements can be minimal." United States v. Cassesse, 685 F.3d 186, 192 (2d Cir. 2012); see id. at 187–88 (affirming consecutive sentence within policy statement range where district court stated, "I have reviewed everything"). Malone's 36-month sentence was within the 33-to-36-month range recommended by the applicable Sentencing Commission policy statement, which also provided for the supervised release sentence to run consecutively to the conspiracy sentence, see U.S.S.G. § 7B1.3(f). This was all detailed in the Presentence Investigation Report adopted by the district court. Further, in sentencing Malone the week before for the

4

conspiracy crime that also supported the supervision violation, the district court explained why the violation was so disturbing and why it was not significantly mitigated by the claimed rehabilitation: "You are out on supervised release for less than a year. Probably the following day you probably started your criminal activity again. Who knows. But I know within a year you are back here again, and you are telling me I've changed now." Sentencing Tr. 18. The district court's "intertwined analysis of the supervised release violation and the [substantive] crime" thus "clearly provided a sufficient explanation of the sentence . . . ultimately imposed for the violation." United States v. Cassesse, 685 F.3d at 193. Malone cannot demonstrate plain error.

2. Substantive Reasonableness

Absent procedural error, we will identify a sentence as substantively unreasonable only in "exceptional cases where the trial court's decision cannot be located within the range of permissible" sentences. United States v. Cavera, 550 F.3d at 189 (internal quotation marks omitted); see United States v. Rigas, 583 F.3d 108, 122–23 (2d Cir. 2009) (stating that to be substantively unreasonable, sentence must "damage the administration of justice" because it is "shockingly high, shockingly low, or otherwise unsupportable as a matter of law"). This is not such a case.

Malone contends that his sentence was substantively unreasonable because the district court accorded undue weight to deterrence, relying on "stale" and "unreliable" evidence preceding his claimed rehabilitation, and possibly overlooking its authority to grant a vertical

5

as well as a horizontal departure from the Guidelines. These arguments appear more procedural than substantive, and fail largely for the reasons stated in discussing Malone's parallel procedural challenges. We note only that nothing in the record supports Malone's speculation that the district court failed to understand its authority to grant a vertical Guidelines departure or to impose a sentence outside the Guidelines. Cf. United States v. Rivers, 50 F.3d 1126, 1131 (2d Cir. 1995) (stating that "reviewing court is entitled to assume that the sentencing judge understood all the available sentencing options" absent record evidence to the contrary). Otherwise, we conclude that the district court's discretion to consider the totality of circumstances relevant to sentence, 18 U.S.C. § 3661, see United States v. Cavera, 550 F.3d at 191, supported its determination that Malone's persistent criminal behavior presented a sufficiently high risk of recidivism despite his recent efforts at rehabilitation to warrant a sentence within a modestly reduced Guidelines range, see Gall v. United States, 552 U.S. 38, 51 (2007) ("If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness.").

3.    Conclusion

We have considered Malone's remaining arguments on appeal and conclude that they are without merit. Accordingly, the judgments of the district court are AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6